STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| SERGIY BORSHCHEVSKIY | UNDER 29 U.S.C.§ 216(b) |
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| CENTURY DEVELOPMENT PROPERTIES LLC, FRED OHEBSHALOM AND RICHARD OHEBSHALOM | |
| *Defendants.* | |

-----------------------------------------------------------------X

Plaintiff SERGIY BORSHCHEVSKIY individually by and through his attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against CENTURY DEVELOPMENT PROPERTIES LLC, (together, hereinafter "CENTURY DEVELOPMENT." Or "Defendant Corporation") FRED OHEBSHALOM and RICHARD OHEBSHALOM (each an "Individual Defendant") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff was an employee of Defendants CENTURY DEVELOPMENT PROPERTIES LLC., (d/b/a CENTURY DEVELOPMENT PROPERTIES) FRED OHEBSHALOM and RICHARD OHEBSHALOM.

2) Defendants own, operate or control a diversified private managing buildings business involved in the ownership, management, and development of numerous properties 3 West 36

Street New York NY 10018 under the name "CENTURY DEVELOPMENT PROPERTIES". The headquarters of CENTURY DEVELOPMENT LLC are located at 347 5th Ave #1600, New York, NY 10016.

3) Upon information and belief, Individual Defendants FRED OHEBSHALOM and RICHARD OHEBSHALOM serve or served as owner, manager, principle, or agent of Defendants CENTURY DEVELOPMENT PROPERTIES, and through the corporate entity operates or operated the managing buildings business firm as a joint or unified enterprise.

4) Plaintiff was an employee of the Defendants. He was primarily employed to as a front desk doorman at one of the buildings that Defendants own.

5) Plaintiff worked for Defendants from July 2015 until October 2021. However, from 2015 until 2018, he worked in excess of (55) fifty-five hours per week without appropriate compensation for the hours over 40 (See Exhibits).

6) At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of fifty-five (55) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7) Plaintiff now brings this action on behalf of himself, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y. Lab.Law §§ 190 *et seq*.and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of

Labor codified at N.Y.COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate one managing building business located in this district. Further, Plaintiff was employed by Defendants in this District.

## PARTIES
*Plaintiff*

11) Plaintiff Borschevskiy was employed by the Defendants from approximately on or July 2015 until October 1, 2021, in one of the buildings owned by Defendants located at 3 West 36 Street New York NY 10018.

*Defendants*

12) Defendants own, operate, or control a diversified private managing buildings business firm involved in the ownership, management, and development of numerous properties. One of them at 3 West 36 Street New York NY 10018 under the name "CENTURY DEVELOPMENT PROPERTIES" at all times relevant to this complaint.

13) Upon information and belief, CENTURY DEVELOPMENT PROPERTIES LLC is a

corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal places of business at properties 3 West 36 Street New York NY 10018 and 347 5th Ave #1600, New York, NY 10016.

14) Upon information and belief, Defendants FRED OHEBSHALOM and RICHARD OHEBSHALOM are an individual engaging (or who were engaged) in business with this district during the relevant time. Defendant is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendants FRED OHEBSHALOM and RICHARD OHEBSHALOM possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants FRED OHEBSHALOM and RICHARD OHEBSHALOM determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15) Defendants operate a managing buildings business establishment in the Southern District of New York.

16) Defendants maintain as their principal place of business a centralized office, located at 347 5th Ave #1600, New York, NY 10016. Individual FRED OHEBSHALOM and RICHARD OHEBSHALOM possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendants FRED OHEBSHALOM and RICHARD OHEBSHALOM serve or served as the owners of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

20) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201 *et seq*.and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

22) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for Plaintiff services.

*Individual Plaintiff*

23) The Plaintiff was an employee of the Defendants, and was primarily employed to perform as a front desk doorman, but he also performed some cleaning duties.

24) He seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b).

*Plaintiff Sergiy Borshchevskiy*

25) Plaintiff BORSHCHEVSKIY worked for Defendants from approximately July 2015 until October 1, 2021. And he worked overtime from July 2015 until in or about 2018-2019

26) Plaintiff BORSHCHEVSKIY duties working at the building for approximately (10-14) hours, (5-6) five or six days per week (approximately 50-55 hours per week). Plaintiff was paid $15 per hour with no overtime.

27) Plaintiff BORSHCHEVSKIY work duties required neither discretion nor independent judgment.

28) Plaintiff BORSHCHEVSKIY worked in excess of 55 hours per week without appropriate overtime compensation from July 2015 until in or out 2018-2019.

29) From July 2015 until March 2020., Defendants did not provide Plaintiff BORSHCHEVSKIY with any document or other statement accounting for his <u>actual hours worked</u> or setting forth the rate of pay for all of his hours.

30) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff BORSHCHEVSKIY regarding overtime and wages as required under the FLSA and NYLL.

31) Defendants did not provide Plaintiff BORSHCHEVSKIY with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

32) Defendants never provided Plaintiff with a written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

33) Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

34) Plaintiff has been victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

   a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

   b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

   c. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

   d. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

    e.  Defendants did not provide Plaintiff with any document or other statement accurately accounting for their actual hours worked and setting forth rate of minimum wage and overtime wage.

    f.  Defendants did not provide Plaintiff with any break periods.

## FIRST CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

35) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

37) Defendants' failure to pay Plaintiff ( ) overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

38) Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

39) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40) Defendants, in violation of the NYLL § 190 *et seq*.and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

42) Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

43) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

45) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

46) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

48) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

b. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

c. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

d. Awarding Plaintiff damages for unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

f. Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff.

  g. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' ' compensation, hours, wages; and any deductions or credits taken against wages;

  h. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  i. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

  j. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  k. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

  l. All such other and further relief as the Court deems just and proper.

  m. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

  n. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  o. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  p. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the

New York Civil Practice Law and Rules § 5003;

    q.  Such other relief as this Court shall deem just and proper.


Dated: New York, New York
October 19, 2021

                                STILLMAN LEGAL PC

                   By:    /s/Lina Stillman
                          Stillman Legal, PC
                          42 Broadway, 12th Floor
                          New York, New York 10004
                          Telephone: 1800-933-5620
                          *Attorneys for Plaintiff*