

**VIA ECF**
Hon. Mary Kay Vyskocil
United State District Court, Southern District of New York

January 11, 2022
Your Honor,

      This firm represents Sergeyi Borshchevskiy ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement. The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

Plaintiff intends to file a Stipulation of Dismissal with prejudice once full payment has
been received by Plaintiff and Plaintiff's Counsel, as stipulated by the settlement agreement.

Accordingly, we respectfully request that Your Honor does not dismiss this case until such Stipulation has been filed with the Court

                                               *Lina Stillman, Esq*

                                               *Richard Ziskin, Esq*

I.   Statement of the Case

This is an action for money damages brought by Sergeyi Borshchevskiy. On October 20, 2021, Plaintiff Borshchevskiyfiled a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiff was employed by Defendants as their front door clerk at one of their properties and claims he was not paid overtime, but rather, he was paid at straight time of $15 per hour with no premium after 40 hours. Plaintiff alleges Defendants engaged in FLSA and NYLL violations, including failure to pay their appropriate overtime.

Defendants deny that they willfully violated the FLSA and/or NYLL and there were no violations of notice or recordkeeping.

II.   The Proposed Settlement is Fair and Reasonable

Under the settlement, the Defendants will pay $40,000 to settle all the claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The settlement was a result of an arm's length negotiation between experienced attorneys and reflects a suitable compromise over the issues in dispute in accordance with the decision of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.") In addition, the Court has to consider whether "the settlement agreement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." Wolinsky v. Scholastic Inc., 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012).

Throughout this litigation, there were not many contested facts. For example, Defendants had a record of Plaintiff's hours and paid him through a payroll company weekly. However, there is a dispute as to whether any liquidated damages would be recovered, even if Plaintiff was successful in establishing a back wage claim. There is no indication that the

Individual Defendants were aware of any FLSA or NYLL violations.
As such, Defendants may very well have been able to establish a good faith defense pursuant to 29 U.S.C. §§ 216(b) and 260. See further Reich v. Southern New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997) (an award of liquidated damages is not available under the FLSA or the NYLL if the employer acts in good faith and has reasonable grounds for believing that its conduct was not in violation of the FLSA or NYLL).

Plaintiff estimate of his damages, if they were fully successful on all his arguments at trial, are 43,900, excluding attorney's fees, costs, and liquidated damages. The total settlement amount of $40,000 will be distributed in accordance with the enclosed Settlement Agreement.

Plaintiff believes that this settlement is an adequate result for Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

## Other Settlement Terms

The terms of the Settlement Agreement are in accordance with the decision of Cheeks v. Freeport Pancake House, Inc., No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publicly filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement clauses allowing Plaintiff the opportunity to make truthful statements regarding his experience in litigating this action. In addition, the releases are narrow in scope and limited to employment-related claims.

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $13,333.33 from the settlement fund as attorneys' fees. This represents a third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement which includes costs (See attached Retainer Agreement).

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); Clark v. Ecolab, Inc., No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); McMahon v. Olivier Cheng Catering & Events, LLC, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); deMunecas v. Bold Food, LLC, 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); Beckman v. KeyBANK, NA, 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiff's counsel obtained an <u>excellent</u> result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina F. Stillman and has been practicing law since 2012. From 2012-2015, she was an associate in two law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation.
> In April 2015, she opened a law firm in response to the immigrant community's need for honest Spanish Speaking attorneys to care for their interests exclusively.
> She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

**<u>Conclusion</u>**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of her client. Plaintiff's interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

> Respectfully submitted,
>
> <u>Lina Stillman</u>